IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| PETINA R. THIGPEN, individually and on behalf of a class of persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 10 C 5589 ) |
| v. | ) Judge Virginia M. Kendall ) |
| ILLINOIS BELL TELEPHONE COMPANY, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Petina Thigpen ("Thigpen") filed suit in the Circuit Court of Cook County against Illinois Bell Telephone Company ("Defendant") individually and on behalf of others similarly situated alleging violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") for failure to pay overtime. Defendant removed the case to this Court on the grounds of federal preemption. Thigpen moves to remand the case to the Circuit Court of Cook County and Defendant moves to dismiss Thigpen's Amended Complaint. For the following reasons, the Court denies Thigpen's Motion to Remand and grants Defendant's Motion to Dismiss.

## STATEMENT OF FACTS

The following facts are taken from Thigpen's Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Thigpen is an hourly telephone call center employee at Defendant's Arlington Heights, Illinois office. (Compl. ¶ 1.) Thigpen has been employed by Defendant as a customer service representative and call center worker from March 2004 through the present. (Compl. ¶ 3.)

Thigpen claims that she and similarly situated employees are forced to engage in numerous work-related activities before and after their scheduled shift for which they are not compensated. (Compl. ¶ 7.) For example, Thigpen must be "ready to work" by the time her shift begins, but being "ready to work" requires employees to boot up their computers, log onto the network, open relevant computer programs, review job-related memoranda, and complete other essential tasks. (Compl. ¶ 8.) Consequently, Thigpen claims she and other similarly situated workers are denied "a significant and material amount" of overtime pay each week. (Compl. ¶¶ 9, 29.)

In 2008, call center workers employed by Defendant filed a separate suit in the Northern District of Illinois alleging violations of the Fair Labor Standards Act ("FLSA"). (Compl. ¶ 12.) Thigpen chose not to "opt-in" to that lawsuit, which was recently settled. (R., Pltf.'s Combined Reply Memorandum at 8.)

Thigpen filed this suit in the Circuit Court of Cook County in August 2010. Defendant removed to this Court in September 2010 on the basis of federal preemption pursuant to the Collective Bargaining Agreements ("CBAs") in place governing Thigpen's and other similarly situated employees' employment.[1] (R., Def.'s Motion to Dismiss, Ex. A.) These CBAs define the type of work Thigpen performs, her hours of work, and her salary. (*Id*. at 60.) The CBAs also describe the grievance and arbitration procedures dissatisfied employees must follow before filing

---

[1] Documents that a defendant attaches to a motion to dismiss may be considered by the Court if they are referred to in the plaintiff's complaint and are central to plaintiff's claim. *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Here, as discussed below, resolution of Thigpen's wage claim requires interpretation of a collective bargaining agreement which is therefore implicitly referred to and central to her claim. *See Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498 (7th Cir. 1996) ("Even if a plaintiff makes no mention of § 301 in a complaint, § 301 nevertheless may displace entirely a state cause of action"); *see also Pierce v. Kaiser Found. Hosps.*, 2009 WL 3398889 at n. 3 (N.D. Cal. Oct. 20, 2009) (Alsup, J.) (court can rely on attached CBA where it is integral to complaint). As such, the Court will consider Defendant's collective bargaining agreement attached as an exhibit to Defendant's Motion to Dismiss.

suit. (*Id*. at 42.)

Thigpen moves to remand her case back to the Circuit Court of Cook County. She claims her suit is not preempted by federal law and believes that over 1,000 similarly situated employees also chose not to "opt-in" to the FLSA lawsuit that recently settled. (Compl. ¶ 18.) These employees represent the potential class members in her current suit. *Id*.

Defendant moves to dismiss Thigpen's claim for failure to exhaust the grievance and arbitration procedures outlined in the CBAs before commencing this suit.

## **STANDARD OF REVIEW**

A defendant can remove a case from state court to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The party seeking removal has the burden of establishing federal jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). After a case is removed, but before the court renders a final judgment, if it "appears that the district court lacks subject matter jurisdiction, the case should be remanded" back to state court. 28 U.S.C. § 1447(c). When ruling on a motion to remand, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt resolved in favor of remand. *Doe v. Allied-Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that,

when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

## DISCUSSION

**I. Motion to Remand**

Thigpen claims her suit is not preempted by federal law and moves to remand this case back to the Circuit Court of Cook County. Defendant argues that § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA") preempts her state law claims and requires the Court to deny remand.

**A. Preemption**

Generally, federal question jurisdiction exists if it is raised in a plaintiff's well-pleaded complaint; federal issues raised solely as a defense to a well-pleaded complaint do not confer federal jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Caterpillar*, 482 U.S. at 393. Complete preemption, however, is an exception to the well-pleaded complaint rule. *See Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498 (7th Cir. 1996). Where Congress completely displaces a state law claim with a federal law, a plaintiff's attempt to allege the state law claim is properly "characterized from its inception as a complaint arising under the federal law." *Id.* Section

301 of the LMRA preempts claims directly founded on or "substantially dependent on analysis of a collective bargaining agreement." *Caterpillar*, 482 U.S. at 394 (internal citation omitted). "Even when a plaintiff makes no mention of § 301 in a complaint, § 301 nevertheless may displace entirely a state cause of action" and allow a defendant to remove the claim to federal court.[2] *Atchley*, 101 F.3d at 498; *see also Gelb v. Air Con Refrigeration and Heating, Inc.*, 826 N.E.2d 391, 398-99 (Ill. App. Ct. 2005) ("Defenses, as well as claims, must be considered in determining whether resolution of a state-law claims requires construing of the relevant collective bargaining agreement").

**B. Section 301 of the LMRA**

Section 301(a) of the LMRA states, in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Section 301 authorizes federal courts to "fashion a body of federal common law to be used to address disputes arising out of labor contracts," including suits to enforce or vacate arbitration awards. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985); *General Drivers, Warehousemen & Helpers Local 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963). "The preemptive force of § 301 displaces any independent federal or state cause of action when the claim concerns a legitimate labor dispute and involves the breach of a collective bargaining agreement." *U.S. v. Palumbo*, 145 F.3d 850, 864 (7th Cir. 1998) (citing *Allis-Chalmers*, 471 U.S. at 211). A state claim

---

[2] Thigpen's reliance on *Spoerle v. Kraft Foods Global, Inc.* is unavailing given the facts of her case. 614 F.3d 427 (7th Cir. 2010). In *Spoerle*, the Seventh Circuit held that where the provisions in a CBA defining what constitutes "work" conflicted directly with Wisconsin's state labor laws, the CBA did not preempt the state law. *Id*. As discussed below, the provisions of Thigpen's CBAs do not conflict directly with Illinois state labor laws.

is independent of a CBA for § 301 preemption purposes "as long as the state-law claim can be resolved without interpreting the agreement itself." *Lingle v. Norge Div. Magic Chef*, 486 U.S. 399, 410 (1988).

The preemptive effect of Section 301 of the LMRA is broad. *See Allis-Chalmers*, 471 U.S. 202. Yet, not every allegation that involves a provision of the CBA is automatically preempted by Section 301. *Id.* at 211. For example, when "the meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Lividas v. Bradshaw*, 512 U.S. 107, 129 (1994). Therefore, the question is whether the dispute is "substantially dependent" upon an analysis of the terms of the CBA. *See Loewen Group Int'l, Inc. v. Haberichter*, 65 F.3d 1417, 1421 (7th Cir. 1995). The Court must look to the facts alleged and make a determination as to whether the CBA is merely referenced or requires interpretation. *See Atchley*, 101 F.3d at 499 (determining wage increases and bonuses required interpretation of CBA's provisions). State law claims that have their roots in a specific clause of a CBA arise under federal law. *See Atchley*, 101 F.3d at 499 ("if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove"). Moreover, where the resolution of the claim is "inextricably bound up with the terms of the collective bargaining agreement," the LMRA preempts the state claim. *See Gelb*, 826 N.E.2d at 399. A CBA controls where "the entitlement to wages (or other employee pay) or the amount due" are at issue. *In re Bentz Metal Products Co.*, 253 F.3d 283, 289 (7th Cir. 2001) (en banc).

Here, Thigpen's Amended Complaint makes no explicit mention of the LMRA or of the CBA

6

governing her employment with Defendant. Nonetheless, the sole count of her Amended Complaint deals with Defendant's alleged failure to compensate her and others similarly situated for their overtime hours worked. To determine whether Thigpen is entitled to overtime compensation, however, the Court must first determine whether the uncompensated tasks that being "ready to work" require—booting up her computer, logging on to the network, opening relevant computer programs—are considered "work" by her employer. To do so, the Court must interpret the two CBAs to which Thigpen is a party, which govern, among other things, the type of work she performs, her hours, her compensable work, and her rate of pay. *See, e.g., In re Chi. Police Dep't FLSA Meal Period Litigation*, 1995 WL 144500 at *5 (N.D. Ill. Mar. 30, 1995) (Marovich, J.) ("in determining what constitutes 'work' under the FLSA, courts are obligated to ascertain whether the parties have reached an express or implied agreement on the matter" by examining the CBA). The resolution of Thigpen's claim thus requires analysis and interpretation of the labor agreement and not "a mere glance at it," to determine whether her "ready to work" activities are considered compensable "work" under her CBAs. *See Bentz*, 253 F.3d at 289; *see, e.g., Murray v. Tyson Foods, Inc.*, 2009 WL 322241 at *3 (C.D. Ill. Feb. 9, 2009) (Mihm, J.) (court must examine CBA to determine the meaning of "work time" before addressing whether certain activities are considered "work").

While Thigpen's right to time-and-a-half payment for overtime is created by the IMWL and not by the CBAs, the CBAs provide "additional clauses relating to overtime pay that are not guaranteed under state or federal law." *See Anderson*, 2009 WL 3713130 at *4 (N.D. Ill. Nov. 4, 2009) (Lefkow, J.). Specifically, Thigpen's CBA allows her to receive more than one-and-a-half times her rate of salary for certain overtime hours worked and also makes her eligible for daily overtime compensation, neither of which is mandated by the IMWL. *See* Ill. Adm. Code 56, §

7

210.440 (IMWL does not require employees be paid overtime compensation for hours in excess of eight per day); s*ee, e.g., Anderson*, 2009 WL 3713130 at *4 (where certain overtime benefits are created by CBA and not granted by state law, interpretation of CBA is necessary to determine which overtime pay was properly recorded). While Thigpen nominally claims to only seek damages and compensation pursuant to the IMWL, it is not clear how such relief is possible given the comprehensive requirements of the CBAs which also define her compensable work, salary, and hours. Moreover, Thigpen benefits directly from CBA wage and hour benefits that are not granted by the IMWL. The question of whether the time Thigpen and other similarly situated employees spend getting "ready to work" is in fact considered "work" by their employer requires an analysis of the CBAs that specifically govern their compensable work, job descriptions, salary, and hours. Thigpen's claim, though it is couched only in state law IMWL terms, is thus preempted by the LMRA and is properly before the Court. *See Tifft v. Commonwealth Edison Co.*, 366 F.3d 513, 516 (7th Cir. 2004) ("a plaintiff cannot avoid a federal forum by 'artfully pleading' what is, in essence, a federal claim solely in terms of state law"). Her Motion to Remand is denied.

**II. Motion to Dismiss**

Having decided that Thigpen's cause of action arises under federal law, the Court next considers whether she can maintain an action under § 301. *See Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 771 (7th Cir. 1991). Defendant claims that Thigpen failed to exhaust the grievance procedures pursuant to the CBAs governing her employment. As such, Defendant moves to dismiss her claim.

**A. Administrative Exhaustion**

"The exhaustion of administrative remedies is a procedural prerequisite to maintaining a §

301 action." *See Lopez v. Smurfit-Stone Container Corp.*, 2003 WL 297533 at *5 (N.D. Ill. Feb. 10, 2003) (Kennelly, J.); *see also Anderson*, 2009 WL 3713130 at *2 ("If preempted, the claim would have to be brought under the LMRA, which requires employees to exhaust grievance and arbitration remedies provided in the collective bargaining agreement before filing suit"). There are two exceptions where employees may avoid the requirement of administrative exhaustion before filing suit—where the parties have expressly agreed that arbitration is not the exclusive remedy or where the employee has established a breach of the union's duty of fair representation. *See Republic Steel Corp. v. Maddox*, 379 U.S. 660, 657-58 (1965); *Smith*, 943 F.2d at 771.

Here, the CBAs governing Thigpen's employment expressly state the grievance procedure that dissatisfied employees are to undertake before filing suit. Specifically, the CBAs describe the "mutually agreed upon and exclusive forums for resolution and settlement of employee disputes." (R., Def.'s Motion to Dismiss, Ex. A.) The grievance procedure involves three steps, beginning with the dissatisfied employee presenting the grievance to the management. (*Id*. at 43.) An appeal may then be made of the manager's decision to a higher manager or union representative. (*Id*.) Finally, notice of a further appeal shall be made in writing to the appropriate Labor Relations Director or Representative. (*Id*.) Any resolution at any of these steps "shall be final and binding." (*Id*.) In addition, the CBAs provide for the right to invoke arbitration regarding the interpretation of terms or provisions of the CBA following a decision at the third step of the grievance procedure. (*Id*. at 46.)

Defendant argues, and Thigpen does not dispute, that Thigpen has failed to exhaust, or even commence the grievance and arbitration procedures set forth in the CBAs. Moreover, there are no allegations that the parties expressly agreed that arbitration is not the exclusive remedy. *See*

9

*Republic Steel Corp*, 379 U.S. at 657-58. Nor has Thigpen alleged that she has established a breach of the union's duty of fair representation. *See Smith*, 943 F.2d at 771. Thigpen has failed to exhaust her administrative remedies before bringing this suit and, as such, she is procedurally barred from maintaining a § 301 action. *See, e.g., Gonzalez v. Farmington Foods, Inc.*, 296 F. Supp. 2d 912, 936 (N.D. Ill. 2003) (Levin, M.J.) (plaintiffs who did not previously file a grievance on the basis of the state law allegations made in their complaint have failed to exhaust administrative remedies and cannot maintain an LMRA action). Defendant's Motion to Dismiss is granted.

### III. Conclusion

For the reasons stated, Thigpen's Motion to Remand is denied and Defendant's Motion to Dismiss is granted.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 21, 2010