# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5589 | **DATE** | 2/8/2011 |
| **CASE TITLE** | Thigpen vs. Illinois Bell | | |

**DOCKET ENTRY TEXT**

Thigpen's motion to alter or amend judgment [33] is denied.

■[ For further details see text below.]

Docketing to mail notices.

00:06

## STATEMENT

 Plaintiff Petina Thigpen ("Thigpen") moves pursuant to Rule 59(e) to reconsider the Court's December 21, 2010 Order denying her motion to remand and dismissing her case. For the following reasons, Thigpen's Motion to Alter or Amend Judgment is denied.

 Federal Rule of Civil Procedure 59(e) serves the limited function of allowing courts to correct manifest errors of law or fact or consider newly discovered material evidence. *See Bordelon v. Chicago Sch. Reform Bd. Of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000); *see also Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is the wholesale disregard, misapplication, or failure to recognize controlling precedent). However, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance legal arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Reconsideration is only appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations omitted). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

 The Court previously held that Thigpen's wage claims were preempted by the Collective Bargaining Agreements ("CBAs") governing her employment and that she failed to exhaust her administrative remedies before filing suit. Here, Thigpen makes three arguments in favor of altering or amending the Court's previous ruling: (1) that the grievance language of the CBAs to which she is a party directly conflict with the statute of limitations provisions of the Illinois Minimum Wage Law ("IMWL"); (2) that the work Thigpen is seeking to be compensated for is work defined under Illinois law and not the CBAs; and (3) that Illinois Bell Telephone

Company ("Defendant") effectively waived its grievance procedures because in a similar lawsuit brought under the Fair Labor Standards Act ("FLSA"), Defendant did not require plaintiffs to administratively exhaust their claims.

The Court notes at the outset that Thigpen does not attempt to distinguish her case from those cited in the Court's December 21, 2010 Order, nor does she claim to have newly discovered evidence that was previously unavailable.

Thigpen's first argument fails because she does not cite to a case holding that the arbitration requirements and grievance procedures in a CBA must extend at least as long as a state labor law's statute of limitations. Unlike a statute of limitations, administrative exhaustion is merely a step that a party must take before seeking relief in the courts; it does not permanently bar the plaintiff from seeking judicial relief. *See McCoy v. Maytag Corp.*, 495 F.3d 515, 524 (7th Cir. 2007) ("if a CBA establishes a grievance and arbitration procedure for the redress of employee complaints, employees wishing to assert claims based on a CBA must first exhaust the grievance procedure before resorting to a judicial remedy."). Thus, there is no conflict with the IMWL.

Thigpen's second argument, one she raised previously and that the Court denied in its December Order, fails because the general "work" that she is seeking compensation for depends on the specific terms of the CBAs to which she is a party, not on how the term "work" is defined by Illinois statute. Thigpen's Amended Complaint gave no further indication as to what "work" she was referring to when she claimed she was undercompensated. Her inclusion of the Department of Labor interpretations of the FLSA will not be considered by the Court because they were most recently revised in July 2008 and were therefore not unavailable when she filed suit. *See Moro,* 91 F.3d at 876. Thigpen does not address or attempt to distinguish the Court's reliance on a factually similar case, *Anderson v. JCG Indus., Inc.*, 2009 WL 3713130 at *4 (N.D. Ill. Nov. 4, 2009) (Lefkow, J.), where the court held that a CBA's overtime provisions that were more generous than state law overtime provisions resulted in preemption of the state law claim. Here, Thigpen's CBA overtime provisions were more favorable than those provided under state law. As such, Thigpen has not demonstrated that the Court erred in finding her claim preempted.

Thigpen's third argument fails because the Defendant timely removed the case to this Court and then almost immediately thereafter filed a Motion to Dismiss based in part on Thigpen's failure to exhaust her administrative remedies. Thigpen's reliance on *Vega* is misplaced because here there was no undue or prejudicial delay in Defendant's actions. *See, e.g, Vega v. Contract Cleaning Maintenance*, 2006 WL 1554383 (N.D. Ill. Jun. 1, 2006) (Nolan, M. J.) (defendant waited until over two years of litigation with plaintiff before raising administrative grievance procedure). Indeed, Thigpen not only admits that she could find no cases directly supporting her argument, but the case she relies on, *Vega*, notes that the "relevant question is whether the party seeking arbitration did 'all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?'" *Id.* at *9 (internal citations omitted). Here, Defendant moved to dismiss based on Thigpen's failure to exhaust her administrative grievances within a week of removing the case to this Court. Moreover, that Defendant did not insist on administrative exhaustion in a separate case before another district court that was filed pursuant to the FLSA and not the IMWL in no way waives Defendant's ability to require administrative exhaustion in this case. *See, e.g, Anderson*, 2009 WL 3713130 at *5 (noting that administrative exhaustion is not always necessary when claims are made under the FLSA).

For the reasons stated, Thigpen has not demonstrated that the Court committed a manifest error of law or fact. As such, her motion pursuant to Rule 59(e) is denied.